MARY E. KERRUISH ET AL. v. WILLIAM T. MEYERS ET AL.

**1. WAIVER OF RIGHT TO CLAIM EXEMPTION.**

Where an order in aid of execution, under Sec. 6680, Rev. Stat., upon a judgment was in force at the time of the rendition of a judgment for damages in favor of the judgment debtor, directing payment of a certain sum to the creditor on the first judgment, if the judgment debtor is entitled to the amount recovered in the last judgment as exempt in lieu of homestead, he should proceed according to law to secure it, that is by modification of the original or by a new order which will prevent payment under the original order in aid of execution; and if he neglects to do so until after the money has been paid upon such judgment he cannot subsequently claim it.

**2. JUDGMENT CREDITOR STANDS IN RELATION OF GARNISHEE.**

A judgment debtor, who, at the time a judgment was rendered, was directed by an order in aid of execution to pay a certain sum to the judgment creditor in another action, stands in the relation of a garnishee and the mere fact, without legal assertion of the right, that the money on the second judgment might be claimed as exempt in lieu of homestead by the judgment debtor, would afford no defense to a failure to comply with the original order in aid of execution.

**3. ASSIGNING JUDGMENT—DEFEATS CLAIM TO EXEMPTION.**

A judgment debtor, under circumstances above stated, who, instead of claiming the money due under the judgment as exempt by proper legal steps, immediately assigns his judgment for damages, does not thereby defeat the operation of the order in aid of execution, and cannot subsequently claim the money paid under it as exempt or direct its disposition in favor of another creditor.

**4. AGREEMENT TO REFUND—NOT A TRUST, WHEN.**

An agreement by attorneys for the judgment creditor in the original action that if the judgment debtor should recover against the judgment debtor in the second action, on account of payment to the judgment creditor under the order in aid of execution on the first judgment, that they would indemnify him or restore the money so paid, does not establish a trust in favor of the judgment debtor against which he can assert his claim to exemptions.

HEARD ON ERROR.

*I. N. Huntsberger,* for plaintiffs in error, cited:

Error lies to overruling motion to dissolve injunction. Burke v. Railway Co., 45 Ohio St., 631.

Exemption, who may assert claim to: Conley v. Chilcote, 25 O. S., 320; Green v. Fischer, 6 Dec. Re., 1138; Deveaux v. Leslie, 9 Circ. Dec., 480; Tombow v. Haskins, 8 Circ. Dec., 281.

Fund not specifically exempt, proceedings necessary. Conley v. Chilcote, *supra;* Carpenter v. Warner, 38 O. S., 416, 420; Frost v. Shaw, 3 O. S., 270; Fry v. Smith, 61 O. S., 276; Carter v. Ross, 54 O. S., 664, affirming (4 Circ. Dec., 333; Neihaus v. Faul, 43 O. S., 63, 64; Wildermuth v. Koenig, 41 O. S., 180; Close v. Sinclair, 38 O. S., 530; Chilcote v. Conley, 36 O. S., 545, 549; Cooper v. Cooper, 24 O. S., 488; Hoover v. Haslage, 7 Dec., 98.

Failure to claim exemption within reasonable time. Green v. Fisher, *supra;* Frost v. Shaw, 3 O. S., 270; Butt v. Green, 29 O. S., 667; Hoover v. Haslage, *supra.*

Money in hands of attorney in hands of client: Longworth v. Handy, 2 Disn., 75, 79, 81; 3 Am. & Eng. Ency. Law, 412, 413; Cotton v. Ashley, 5 Circ. Dec., 6; 7 Ib., 242.

*Beard* and *Beard,* for defendants in error, cited:

Stockholders liability: Rouse v. Bank, 46 O. S., 493, 500.

Parties: Miesse v. Loren, 8 Dec., 448, 449; Penn. Fire Ins. Co. v. Carnahan, 10 Circ. Dec., 225.

Exemptions—Demand—Selection:— McConville v. Lee, 31 O. S., 447, 450; Close v. Sinclair, 38 O. S., 530; Ryan v. Miller, 40 O. S., 232, 233; Niehaus v. Faul, 43 O. S., 63, 64; Fry v. Smith, 61 O. S., 276; Frost v. Shaw, 3 O. S., 270; Carter v. Ross, 4 Circ. Dec., 333; Tombow v. Haskins, 8 Circ. Dec., 281; Comer v. Dodson, 22 O. S., 615; Secs. 5441 and 5433, Rev. Stat.

PARKER, J.

This is a proceeding brought to reverse a decision of the court of common pleas overruling a motion to dissolve an injunction. The action below was brought by Meyers and the law firm of Beard & Beard against the National Union Building Company, and the stockholders of that company and the plaintiffs in error here, the action being to enforce the liability of the stockholders of the company, and thereby to obtain satisfaction of a claim which Meyers and Beard & Beard assert against the company. The plaintiffs in error, it is not controverted, were not stockholders of the company, and as to them the action was one to reach a fund which is said to have arisen by a contribution of the stockholders, paid into the hands of Charles S. Ashley, as attorney for the company, to be applied upon the discharge of this claim asserted here by Meyers and Beard & Beard; and with respect to the plaintiffs in error it is said that the fund has been paid over wrongfully by Ashley to Huntsberger, as attorney for Mrs. Kerruish, and that Huntsberger was about to pay it over to his client, Mrs. Kerruish. Therefore, amongst other things sought was an injunction against Huntsberger to restrain him from paying the fund over to his client, and against Mrs. Kerruish to restrain her from receiving and applying the same upon her judgment against Meyers.

In order that the real question involved may be understood, it will be necessary to give a brief history of a variety of transactions pertaining to the matter.

It appears that on April 8, 1895, Mary E. Kerruish, one of the plaintiffs in error, recovered a judgment against Meyers before Seagrave, a justice of the peace, for $100 and costs; that afterwards, Mr. Meyers, having received an injury which he charged to the negligence of this National Union Building Company, and having made up his mind to sue to recover on account of that injury, employed Beard & Beard as his attorneys, and entered into an agreement with them to pay to them one-third of whatever amount they might recover, if they should bring and prosecute such action on his behalf. After this action was instituted, to-wit, on November 20, 1897, Mrs. Kerruish, anticipating or hoping per-

haps that Meyers might recover something of which she might avail herself for the satisfaction of her claim against Meyers, instituted a proceeding in aid of execution before Seagrave, justice of the peace, against the National Union Building Company, and Meyers, under Sec. 6680 of the code and the following sections, providing for such proceedings before justices. On December 18, 1897, an order was made in that proceeding to the effect that the National Union Building Company should hold and pay over to Mrs. Kerruish upon her judgment so much of any amount that Mr. Meyers might recover against that company in the pending suit, as might not exceed the claim of Mrs. Kerruish against Meyers. That order appears to have remained in force from that time to this. On January 16, 1899, Meyers recovered a judgment against the National Union Building Company for $500, and on the same day, in pursuance of this agreement with Beard & Beard, he assigned the judgment to them. He assigned to Beard & Beard the whole judgment, not only the one-third thereof which he owed them in consequence of their prosecution of that action, but the remainder of it, to cover their general account for services theretofore performed by them for him as his attorneys. On April 14, 1899, the National Union Building Company paid to Beard & Beard, as attorneys, for Meyers upon this judgment, $300. On November 17, 1899, nearly two years after the order of the justice of the peace in the proceeding of Kerruish v. Meyers and the National Union Building Company, and ten months after the judgment recovered by Meyers against the National Union Building Company, that company paid about $140, or the full amount of the judgment of Kerruish v. Meyers, to Huntsberger, as attorney for Mrs. Kerruish. It is to reach that money in the hands of Huntsberger that this action is prosecuted. So far as Huntsberger and Mrs. Kerruish are concerned, they have no other or further interest in this proceeding. The plaintiffs in the action below, *i. e.*, Meyers and Beard & Beard, claim that they should have this money; that such judgment should be entered or order be made as will require the payment of the money over to them, because, they say, it was exempt to Meyers under the homestead laws of Ohio; that he had a right to claim it, and still has a right to claim it, and have it set off to him in lieu of a homestead, and hold it as exempt; that Mrs. Kerruish has no right to reach it or recover it; that Mr. Ashley had no right to pay it over to Mr.Huntsberger in order that it might be applied upon the Kerruish judgment.

Upon the application of the plaintiffs below an injunction was allowed. When the matter came on to be heard upon a motion to dissolve the injunction, which motion was made upon the ground that the petition did not state a cause of action or any ground for relief as against Huntsberger and Mrs. Kerruish, and also that the facts did not justify any order of injunction against them, a great many affidavits of the parties were used, and what I shall say as to the facts is derived partly from the averments in the petition and partly from those affidavits. I cannot expect to analyze them, but only to give our conclusions from a consideration of all the evidence.

It fairly appears from the evidence thus presented and the undisputed averments of the petition, that Mr. Meyers, ever since he recovered this judgment against the National Union Building Company, has been a resident of Ohio and not the owner of a homestead, and that he has and had a right to select and hold in lieu of a homestead this balance of the

Kerruish v. Meyers.

$500 which had been paid over to Mr. Huntsberger. But it is contended on behalf of plaintiffs in error that Myers has waived that right, or that he has slept upon it until such time as that, by the payment and actual application of the money upon the claim of Mrs. Kerruish, his right has been lost and defeated by his own laches. It is contended, however, by Meyers and Beard & Beard, that this money has not been actually paid and applied upon the claim of Mrs. Kerruish, but that under the arrangement between Mr. Ashley, as attorney for the company, and Mr. Huntsberger, as attorney for Mrs. Kerruish, Mr. Huntsberger in fact holds this money in trust, and under such circumstances and conditions as that it may be reached by a court of equity, and he may be compelled to restore it, and allow it to be applied as prayed for by the plaintiffs in the case below.

It appears that after this judgment was recovered, there was some discussion from time to time between the various attorneys and parties interested as to who should have it, it being claimed on the one hand by Mrs. Kerruish and her counsel, and on the other hand as against them by Meyers and his counsel, Beard & Beard. And it is said that Mr. Ashley, as attorney for the National Union Building Company, agreed that he would hold onto the fund, and allow it to be paid into the court of common pleas in the case of Meyers v. Building Company, and that there should be an interpleader between Meyers and Mrs. Kerruish, so that their respective rights might be determined there.

Even if we were to find that this is true to the extent claimed by defendants in error, we cannot see that Mr. Huntsberger, as attorney for Mrs. Kerruish, or that Mrs. Kerruish, were in any way bound or affected by this arrangement. It is said by certain of the affidavits that the affiants believed that there was an arrangement between Mr. Ashley and Mr. Huntsberger that Huntsberger was to hold this money until the rights of the respective claimants thereto might be determined, but this is stated upon belief only; there is no further evidence of the fact; and it is denied positively by Mr. Ashley and Mr. Huntsberger in their affidavits. They admit, however, that if Mr. Meyers should recover against the building company on account of this payment to Huntsberger, that Mr. Huntsberger would indemnify that company or restore the money to them. But that would be no more than his legal duty, or the duty of his client. We do not think that it gives rise to a trust, much less to a trust in favor of Meyers which he may assert and enforce. Conceding as fully as it is claimed by defendants in error in their arguments and in their affidavits, that from time to time a demand for this money was made of Mr. Ashley and other counsel of the building company, in favor of Meyers, does that alter the situation? We do not see how that could affect the rights of Mr. Huntsberger as attorney of Mrs. Kerruish, or the rights of Mrs. Kerruish. Whether because of that demand Meyers would have any cause of action against Mr. Ashley, or against the company, on account of the disregard thereof, or on account of the disregard or violation of any arrangement that may have been entered into between him and Beard & Beard, or Meyers, we are not called upon to say; we are called upon to determine now, only the rights involved as between Mrs. Kerruish and Huntsberger on the one hand and Myers and Beard & Beard upon the other.

We are of the opinion, however, that if Meyers were entitled to a homestead, he did not proceed in a proper way or as required by law to

enforce his right or demand. The order upon the company was in full force and effect at the time this money was paid by Mr. Ashley to Mr. Huntsberger. It had remained in full force and effect continuously from the time it was entered up until the time of that payment. The company was not at liberty to disregard it. It would have been liable to an action for it and to other proceedings, perhaps, if it had disregarded it. The duty of Mr. Meyers, under the circumstances, in our opinion, was, if he desired to insist upon his right to hold that money as exempt, either to institute a further proceeding in court before the payment of the money over to Huntsberger or Huntsberger's client, or, (as seems to us to be the more proper method,) to file a motion before the justice where this order had been entered, asking for such modification of it, or the entry of such new order in the premises, as would protect him in his right under the homestead law. We think that after a garnishee has been ordered to pay money into court or to pay it to the creditor (and we believe the company stood here in the situation of a garnishee) if the garnishee should, under such circumstances, disregard the order of the court to retain the same and should pay it over to the debtor, the fact that it might be claimed and held by the debtor as exempt, would afford the garnishee no defense in an action by the person in whose favor the order had been made. Conley v. Chilcote, 25 O. S., 320. It would be the duty of the person upon whom the order was made to pay the money into court or to pay it over to the person to whom he was ordered to pay it, and it would be the right and the duty of the person entitled to the property as exempt to apply to that court to have the proper order made to prevent this application of the property or fund. The plaintiff below, Meyers, having failed to proceed in this way until after the money had actually been paid to Mr. Huntsberger as attorney for Mrs. Kerruish upon her judgment, we are of the opinion that his demand now to reach this property comes too late, and that the court is without power to grant him the relief he prays for. The court below should have dissolved the injunction and dismissed the petition as to Mrs. Kerruish and Huntsberger, for the reason that there is no cause of action stated against them, and for the further reason that the facts as stated in the petition and the evidence, when fairly considered, do not make a case that would authorize the relief prayd for.

The judgment of the court below will be reversed, and this court, proceeding to enter the judgment that the court below should have entered, will order that the injunction be dissolved and the petition dismissed as to Mrs. Kerruish and Huntsberger.